NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2816
_____

MELANIE POLLIS,

Appellant

v.

BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF SUSSEX,
STATE OF NEW JERSEY; OFFICE OF THE SUSSEX COUNTY SHERIFF;
ROBERT UNTIG, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY OF
SUSSEX COUNTY SHERIFF; THE STATE OF NEW JERSEY;
CORRECTIONS OFFICER ALLISON MURRAY, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY; SGT. RON DUENSKIE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; DAWN VAHALY; LIEUTENANT MANNO;
JOHN DOES 1-99, WHO ARE FICTICIOUS AND PRESENTLY UNKNOWN
PERSONS, ENTITIES AND BODIES POLITIC IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-09-cv-03009)
District Judge: Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
June 14, 2013

Before:  McKEE, Chief Judge, AMBRO, and GREENBERG, Circuit Judges

(Opinion filed: June 21, 2013)

---

OPINION

---

AMBRO, Circuit Judge

Appellant Melanie Pollis appeals the District Court's decision to deny reconsideration of its earlier holding that Pollis did not include in her complaint a failure-to-protect claim. Because we conclude that Pollis adequately pled such a claim, we reverse the District Court's denial of reconsideration and vacate the underlying order to the extent it rejected Pollis' failure-to-protect claim.

The procedural history of this matter is convoluted, and we recount only the necessary facts.[1] Pollis was incarcerated at the Keogh-Dwyer Correctional Facility in Newton, New Jersey. In July of 2007, she was attacked by another inmate. She brought a number of claims against the Defendants. In her third amended complaint, Pollis alleged a violation of her right to be free of cruel and unusual punishment under the Eighth Amendment. Although Pollis' complaint never specifically mentioned the failure-to-protect aspect of the Eighth Amendment, this theory was invoked within her brief in opposition to the Defendants' motion to dismiss her complaint. *See* Pl.'s Br. in Op. at 14–15 (Dist. Ct. ECF No. 42). The District Court denied the motion to dismiss to the extent it pertained to "the right to be free of cruel and unusual punishments," but made no

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1367(a), and we have jurisdiction under 28 U.S.C. § 1291. "We generally review the District Court's denial of reconsideration for abuse of discretion. However, to the extent that the denial of reconsideration is predicated on an issue of law, such an issue is reviewed *de novo*." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999) (citations omitted).

mention of a failure-to-protect theory. *Pollis v. Bd. of Chosen Freeholders of Cnty. of Sussex*, No. 09-3009, 2010 WL 2989884, at * 4 (D.N.J. July 27, 2010).

Following that order, Pollis' new counsel moved to amend the complaint to include an Eighth Amendment failure-to-protect claim. In support of that motion, Pollis' counsel certified that no such claim was included in any of the prior complaints (which were authored by prior counsel). Pollis' new counsel subsequently withdrew that motion, apparently believing it to be "superfluous." Appellant's Br. at 3.

After discovery, Defendants moved for summary judgment. In resolving that motion, the District Court explained that it did not address Pollis' Eighth Amendment failure-to-protect claim at the motion to dismiss stage because she "did not raise it." *Pollis v. Bd. of Chosen Freeholders of Cnty. of Sussex*, No. 09-3009, 2012 WL 1118769, at *2 (D.N.J. Apr. 3, 2012). The Court explained that Pollis' brief in opposition to the motion to dismiss did not assert such a claim, and also noted that counsel's certification amounted to "clumsy gamesmanship." *Id.* at *2 n.1. Pollis moved for reconsideration, which the Court denied by citing only the earlier declaration.

We conclude that the District Court should have addressed on the merits Pollis' failure-to-protect claim. "[T]he Eighth Amendment's prohibition against cruel and unusual punishment . . . impose[s] a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Although Pollis did not articulate carefully this particular theory in her third amended complaint, she pled an Eighth Amendment claim on the basis of the attack and

3

she pointed to a failure-to-protect theory in opposition to the Defendants' motion to dismiss. As such, Pollis presented a short and plain statement showing her entitlement to relief for failure-to-protect. *See* Fed. R. Civ. P. 8(a)(2); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 220–27 (3d ed. 2004) (explaining that a complaint need only contain "direct allegations on every material point necessary to sustain a recovery on any recognizable legal theory, even though that theory may not be the one suggested or intended by the pleader"); *see, e.g.*, *Flickinger v. Harold C. Brown & Co., Inc.*, 947 F.2d 595, 600 (2d Cir. 1991) ("[F]ederal pleading is by statement of claim, not by legal theory."). That Pollis' counsel equivocated as to whether prior counsel had included this theory does not alter our legal calculus.

We therefore reverse the District Court's denial of reconsideration, vacate the April 3, 2012 order of that Court as to the Eighth Amendment failure-to-protect claim, and remand for further proceedings on that claim.